Paul D. Jackson, Cal. St. Bar No. 59542
LAW OFFICES OF PAUL D. JACKSON
10951 Sorrento Valley Road, Suite 1-G
San Diego, CA 92121-1613
Voice (858) 552-4900
Fax (858) 552-4904
E-mail: paul@jacksonlaw.biz

Attorney for Plaintiff

FILED 07 DEC 7 PM 3:17 CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA DEPUTY

'07 CV 2295 JAH (CAB)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE J. JONES,<br><br>Plaintiff,<br><br>v.<br><br>DONALD C. WINTER in his official capacity as SECRETARY OF THE NAVY,<br><br>Defendant. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1) Discrimination Based on Age;<br>2) Discrimination Based on Race; and<br><br>DEMAND FOR JURY TRIAL |

1. Plaintiff was at all times relevant hereto was, a resident of the Southern District of California;

2. Jurisdiction is brought under 5 U.S.C. Section 703, because an agency of the United States is a party.

3. Venue of this action is laid in this district under the provisions of 28 U.S.C. § 1391(e)(2) because all or a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of California.

4. Plaintiff is informed and believes and thereon alleges that, except as otherwise stated herein, each of the natural persons referred to herein, either by true name or by a fictitious name, was an officer, employee, or agent of the defendant and was acting, at least in part, in the course and scope of his or her employment or official duties as such officer, employee or agent and that

defendant is, therefore, liable for the acts and omissions of each such natural person under the doctrine of *respondeat superior*.

5. The acts or omissions of the natural persons mentioned or alluded to herein and each of them were authorized and/or ratified by the officers, directors and/or managing agents of the Department of Veterans' Affairs.

//

**BACKGROUND FACTS**

6. Plaintiff, Lonnie J. Jones (hereinafter "Plaintiff"), is an African American who at the time this action is filed, is currently 70 years of age and at all times relevant hereto was over the age of 40.

7. Plaintiff became a civilian employee of the U.S. Navy at North Island in or about December, 1962. He was promoted several times until he reached the position of Mechanical Shops Supervisor I, WS-3401-12 at the North Island Naval Aviation Depot (NADEP) Voyage Repair Team, a position he held for over 20 years.

8. At all times Plaintiff's performance was fully satisfactory or better.

9. Plaintiff's position with the Voyage Repair Team was a highly desirable assignment, as it provided numerous opportunities for travel and overtime.

11. Plaintiff has, and has had at all times relevant hereto, suffered from diabetes. Because diabetes is a serious condition that can result in sudden onset insulin shock which if untreated can lead to coma and/or death, Plaintiff is required to carefully monitor his diet and must at all times take care to keep his blood sugar within an acceptable range.

10. On Friday, March 17, 2006, Plaintiff was unexpectedly summoned to immediately join a meeting on board the U.S.S. Reagan. Plaintiff drove a government van to this meeting as his presence was desired immediately and there was no other readily available transportation. The meeting went on for far longer than Mr. Jones had anticipated, and by the end of the meeting, Plaintiff felt that he was suffering from the symptoms of his diabetes. Plaintiff had been advised by his doctor, that if he felt such symptoms, he should immediately drink fruit juice; therefore, on the way back to his own office, Plaintiff drove by the closest place on the base where he knew he

could purchase orange juice.

11. After returning to his own office, Plaintiff was informed that another employee of the Navy had reported that his personal vehicle had been struck by the government van Plaintiff had been driving to the aforementioned meeting. This report was false.

12. On or about April 18, 2006, Plaintiff's direct supervisor, Eugene Tolbert, instructed Plaintiff to send Ricardo Barron to E-Shima, Japan to perform some repair work. Plaintiff did as Mr. Tolbert had instructed him to do and took the steps reasonably necessary to insure that Mr. Barron was assigned to make the trip to Japan. None-the-less, for reasons beyond Plaintiff's control a Mr. James Lee was sent to Japan, not Mr. Barron.

13. Mr. Tolbert had repeatedly told Plaintiff that Plaintiff was too old to still be working, too old to be working at his particular kind of job, and that Plaintiff's age was interfering with Plaintiff's mental process. When Plaintiff informed Mr. Tolbert that he would not retire, Mr. Tolbert told Plaintiff "we can put you out of here" and that "you niggers think you are smart, but you are not."

14. On May 30, 2006, Mr. Tolbert issued a letter proposing to demote Plaintiff to a non-supervisory position based on Plaintiff's having allegedly violated three separate rules: having driven the government van to obtain orange juice, having failed to report his being involved in an accident while driving said government van, and having failed to follow instructions by sending Mr. Lee, rather than Mr. Barron, to Japan.

15. At the same time as he issued aforementioned proposal to demote Plaintiff, Mr. Tolbert transferred Plaintiff to other non-supervisory duties in what is called the "Bone Yard." This assignment was far less desirable that Plaintiff's normal assignment because it was not a supervisory position and did not provide opportunities to work overtime.

16. Plaintiff objected to the proposed demotion. The deciding official, Fernando Ramirez, issued a letter acknowledging that there was insufficient evidence to support a finding that Plaintiff had been in an accident with a the government van, but stating that the demotion would still be carried out, supposedly because Plaintiff had misused the government vehicle by driving it to obtain orange juice and because Plaintiff had sent Mr. Lee to Japan.

17. Thereafter, Mr. Tolbert assigned Plaintiff tasks that included picking up trash in an area where his activities would be observed by the persons he had previously supervised. Mr. Ramirez then informed Plaintiff that the Navy would give him a cash bonus if he retired before the demotion was actually processed.

18. Based upon his having been unfairly transferred out of his prior position, Mr. Ramirez' advisement that he was going to be demoted, the humiliating assignments given him and the offer to give him a "bonus" for resigning, Plaintiff considered himself to have been constructively discharged and did quit.

19. Thereafter, on November 6, 2006, Plaintiff filed a timely EEO complaint with the Navy alleging that his transfer to new duties, Mr. Tolbert's proposal to demote him, Mr. Ramirez' decision to actually demote him and the attempts to force him into retirement were all discriminatory acts.

20. Because Plaintiff's EEO complaint alleged that Mr. Tolbert and/or Mr. Ramirez had forced him into retirement, the Navy accepted the EEO complaint on a "mixed-case" basis as the term "mixed case complaint" is defined in 29 C.F.R. § 1614.302(a)(1).

21. According to 29 C.F.R. §§ 1614.302(d)(1)(I) and 1614.310(g), and 5 U.S.C. § 7702(e)(1), if an employing agency has not issued a final decision in connection with such a mixed case EEO complaint within 120 days after the date on which the employee filed his administrative EEO compliant, the person filing the administrative complaint is deemed to have exhausted his administrative remedies and is free to file a civil action in the appropriate district court.

22. A full year has passed since Plaintiff filed his administrative mixed case EEO complaint with the Navy, but that agency has yet to issue any decision on said administrative complaint. Therefore, Plaintiff has exhausted his administrative remedy and the issues are ripe for adjudication in this forum.

**FIRST CAUSE OF ACTION**

**DISCRIMINATION BASED ON AGE**

23. Plaintiff realleges each and every allegation as set forth, *supra*, and incorporates them herein by reference as though fully set forth hereat.

24. Plaintiff was born on June 22, 1937 and is now 70 years of age.

25. Plaintiff alleges that some or all of the acts and omissions as referred to *supra* were based, at least in part, on a bias on the part of Defendant and/or his agents against persons of Plaintiff's age, and were, therefore a form of age discrimination.

26. Discrimination in employment based on age is a violation of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621 et seq. and various other laws, regulations and Executive Orders that prohibit discrimination in federal employment.

27. As a proximate result of the aforementioned wrongful acts and/or omissions of Defendant and/or its agents, Plaintiff has suffered, and continues to suffer from: substantial losses in earnings and other employment related benefits; various other economic damage; embarrassment, humiliation, loss of self esteem, and anguish; and from debilitating physical maladies and physical manifestations of distress, all to his damage in an amount unknown at this time, but which will be shown according to proof at the time of trial.

WHEREFORE, Plaintiff requests relief as prayed for below.

//

**SECOND CAUSE OF ACTION**

**DISCRIMINATION BASED ON RACE AND/OR COLOR**

28. Plaintiff incorporates hereat by reference each of the preceding paragraphs of this complaint.

29. Plaintiff is black and an African-American.

30. Plaintiff alleges that some or all of the acts and omissions referred to in the preceding paragraphs were motivated, at least in part, by discriminatory animus on the part of Defendant and/or his agents against persons of Plaintiff's race and/or color.

31. Discrimination in federal employment based on race and/or color is a violation of, *inter alia,* 42 USC 2000e-16(a) and various other laws, regulations and Executive Orders that prohibit discrimination in federal employment.

32. As a proximate result of the aforementioned wrongful acts and/or omissions of Defendant or his agents, Plaintiff has suffered, and continues to suffer from: substantial losses in earnings,

prospective earnings and other employment related benefits; various other economic damages; embarrassment, humiliation, loss of self esteem, and anguish; and from debilitating physical maladies and physical manifestations of distress, all to his damage in an amount unknown at this time, but which will be shown according to proof at time of trial.

WHEREFORE, Plaintiff requests relief as prayed for below.

//

**PRAYER FOR RELIEF**

FOR THE FOREGOING REASONS, Plaintiff prays that he be afforded a jury trial on all issues triable to a jury and that he be awarded relief from defendant as follows:

1. That he be allowed to revoke his resignation and that he be retroactively reinstated to his former WS-12 supervisory position with full front and back pay, including the value of the overtime that he would have earned in such position;
2. That he be awarded the value of the overtime he lost while still working for the Navy, but assigned to a position away from the Voyage Repair Team as stated above;
3. That he be awarded all other economic and special damages suffered according to proof;
4. That he be awarded appropriate general damages for, inter alia, his humiliation and mental suffering;
5. That he be awarded declaratory relief in the form of a finding that the aforementioned treatment of him was a result of age and/or race discrimination;
6. That he be awarded other injunctive relief as appropriate;
7. For prejudgment interest on the sums awarded;
8. For a post trial award of costs and reasonable attorney's fees; and
9. All such other and further relief as the Court may deem proper.

//

DATED: DEC. 7, 2007

BY: ______________________
Paul D. Jackson
Attorney for Plaintiff
LONNIE J. JONES

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 145279 - SR**

**December 07, 2007**
**15:16:56**

**Civ Fil Non-Pris**
USAO #.: 07CV2295 CIV. FIL.
Judge..: JOHN A HOUSTON
Amount.: $350.00 CK
Check#.: BC#3586

**Total-> $350.00**

FROM: JONES V. WINTER
CIVIL FILING

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 07 DEC -7 PM 3:59
CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**I. (a) PLAINTIFFS**
LONNIE J. JONES

**DEFENDANTS**
DONALD C. WINTER in his official capacity as SECRETARY OF THE NAVY

**(b)** County of Residence of First Listed Plaintiff YUMA, AZ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul D. Jackson; Law Offices of Paul D. Jackson; 10951 Sorrento Valley Road, Suite 1-G; San Diego, CA 92121

Attorneys (If Known)
07 CV 2295 JAH (CAB)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
29 USC 621

Brief description of cause:
Age Discrimination in Employment

## VII. REQUESTED IN COMPLAINT:

☐ **CHECK IF THIS IS A CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** NONE STATED

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE
12/07/2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 145279 AMOUNT 350. APPLYING IFP JUDGE MAG. JUDGE

12/7/07