KAREN P. HEWITT
United States Attorney
TIMOTHY C. STUTLER
Assistant U.S. Attorney
California State Bar No. 131794
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7387

Attorneys for the Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LONNIE J. JONES, Plaintiff, v. DONALD C. WINTER in his official capacity as SECRETARY OF THE NAVY Defendant. | ) | Civil No. 07cv2295JAH(CAB) DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES |

COMES NOW Defendant, Donald C. Winter, in his official capacity as Secretary of the Navy, through his attorneys, Karen P. Hewitt, United States Attorney, and Timothy C. Stutler, Assistant United States Attorney, and answers the numbered paragraphs of Plaintiff's Complaint for damages ("Complaint") as follows:

1. Answering paragraph 1 of Plaintiff's Complaint, Defendant admits the substantial truth of the allegations contained therein.

2. Paragraph 2 of Plaintiff's Complaint contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent the Paragraph requires an answer, Defendant admits that he is Secretary of the Navy. Except as expressly admitted, Defendant denies generally and specifically, each, all and every remaining allegation in said Paragraph.

///

3. Paragraph 3 of Plaintiff's Complaint contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent the Paragraph requires an answer, Defendant admits that venue lies in this District. Except as expressly admitted, Defendant denies generally and specifically, each, all and every remaining allegation in said Paragraph.

4. Answering paragraph 4 of Plaintiff’s Complaint at lines 25 through 28, Defendant alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein. Answering remaining allegations of said Paragraph, Defendant denies, generally and specifically, each, all and every allegation contained therein. Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of the Defendant, or any other agents or employees of the United States Government.

5. Answering paragraph 5 of Plaintiff's Complaint, Defendant denies generally and specifically each, all and every allegation contained therein. Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of the Defendant, or any other agents or employees of the United States Government.

6. Answering paragraph 6 of Plaintiff's Complaint, Defendant admits the substantial truth of the allegations contained therein.

7. Answering paragraph 7 of Plaintiff’s Complaint, Defendant admits Plaintiff became a civilian employee of the Navy on November 15, 1966. Further answering said Paragraph, Defendant admits that Plaintiff was promoted several times and that his last promotion was on January 8, 1995, to the position of Mechanical Shops Supervisor I, WS-3401-12. Answering the remaining allegations of said Paragraph, Defendant denies generally and specifically each, all and every allegation contained therein.

8. Answering paragraph 8 of Plaintiff's Complaint, Defendant admits that at some times, Plaintiff’s performance was fully satisfactory or better. Except as expressly admitted, Defendant denies generally and specifically, each, all and every remaining allegation in said Paragraph.

9. Answering paragraph 9 of Plaintiff's Complaint, Defendant admits that at some times,

some individuals might consider Plaintiff's position with the Voyage Repair Team to be highly desirable, and that the position sometimes offered opportunities for travel and overtime. Except as expressly admitted, Defendant denies generally and specifically, each, all and every remaining allegation in said Paragraph.

10. Answering the first paragraph 11 of Plaintiff's Complaint, Defendant alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

11. Answering paragraph 10 of Plaintiff's Complaint, Defendant admits that on March 17, 2006, Plaintiff engaged in the unauthorized use of a government vehicle by driving the vehicle to lunch. Except as expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every remaining allegation in said Paragraph.

12. Answering the second paragraph 11 of Plaintiff's Complaint, Defendant admits that another employee of the Navy reported that the government vehicle driven by Plaintiff had struck the employee's personal vehicle, and that Plaintiff learned of this report at some point. Except as expressly admitted, Defendant denies generally and specifically, each, all and every remaining allegation in said Paragraph.

13. Answering paragraph 12 of Plaintiff's Complaint, Defendant admits the first sentence therein and that Plaintiff sent James Lee to Japan instead of Ricardo Barron. Except as expressly admitted, Defendant denies generally and specifically each, all and every allegation contained in said Paragraph.

14. Answering paragraph 13 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein. Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of the Defendant, or any other agents or employees of the United States Government.

15. Answering paragraph 14 of Plaintiff's Complaint, Defendant admits that on May 30, 2006, Plaintiff was issued a Notification of Proposed Change to Lower Grade based on three

charges: failure to report a motor vehicle accident involving a government vehicle, misuse of a government vehicle, and failure to carry out the instructions of his supervisor. Except as expressly admitted, Defendant denies generally and specifically, each, all and every remaining allegation in said Paragraph.

16. Answering paragraph 15 of Plaintiff's Complaint, Defendant admits that Plaintiff was transferred to an area known as the "bone yard" on April 24, 2006. Except as expressly admitted, Defendant denies generally and specifically, each, all and every remaining allegation in said Paragraph. Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of the Defendant, or any other agents or employees of the United States Government.

17. Answering the first sentence of paragraph 16 of Plaintiff's Complaint, Defendant admits the substantial truth of the allegations contained therein. Answering the second sentence of paragraph 16 of Plaintiff's Complaint, Defendant admits that the deciding official, Fernando Ramirez, issued a letter notifying Plaintiff that the charge of failure to report a motor vehicle accident involving a government vehicle was not sustained, that the charges of misuse of a government vehicle and failure to carry out the instructions of his supervisor were sustained, and that Mr. Ramirez had made the decision to demote Plaintiff. Except as expressly admitted, Defendant denies generally and specifically, each, all and every remaining allegation in said Paragraph.

18. Answering paragraph 17 of Plaintiff's Complaint, Defendant admits that Plaintiff was transferred to an area known as the "bone yard" on April 24, 2006. Defendant denies, generally and specifically, each, all and every remaining allegation contained in said Paragraph. Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of the Defendant, or any other agents or employees of the United States Government.

19. Answering paragraph 18 of Plaintiff's Complaint, Defendant admits that Plaintiff voluntarily retired. Except as expressly admitted, Defendant denies, generally and specifically, each, all and every allegation contained therein. Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of the Defendant, or any other agents or employees of the United States Government.

20. Answering paragraph 19 of Plaintiff's Complaint, Defendant admits that on November 6, 2006, Plaintiff filed an EEO complaint with the Navy making allegations, some of which apparently serve as the basis for the present litigation. Further answering said Paragraph, Defendant denies, generally and specifically, each, all and every allegation contained therein. Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of the Defendant, or any other agents or employees of the United States Government.

21. Paragraph 20 of Plaintiff's Complaint contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent the Paragraph requires an answer, Defendant admits that the Navy accepted one of Plaintiff's EEO complaint claims as a "mixed case" complaint. Except as expressly admitted, Defendant denies generally and specifically, each, all and every allegation in said Paragraph. Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of the Defendant, or any other agents or employees of the United States Government.

22. Paragraph 21 of Plaintiff's Complaint contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required, and on which Defendant declines to provide a legal interpretation. To the extent the Paragraph requires an answer, Defendant denies generally and specifically, each, all and every allegation in said Paragraph.

23. Paragraph 22 of Plaintiff's Complaint contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent the Paragraph requires an answer, Defendant admits the allegations of the first sentence therein. Except as expressly admitted, Defendant denies generally and specifically, each, all and every allegation in said Paragraph.

24. Answering paragraph 23 of Plaintiff's Complaint, Defendant realleges and incorporates herein by reference each of the preceding paragraphs of this Answer as though fully set forth herein.

25. Answering paragraph 24 of Plaintiff's Complaint, Defendant admits the substantial truth of the allegations contained therein.

26. Answering paragraph 25 of Plaintiff's Complaint, Defendant admits that Plaintiff makes the allegations therein. Except as expressly admitted, Defendant denies, generally and specifically, each, all and every allegation contained therein. Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of the Defendant, or any other agents or employees of the United States Government.

27. Paragraph 26 of Plaintiff's Complaint presents legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent the Paragraph requires an answer, Defendant admits the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., prohibits certain age-based discrimination in federal employment. Except as expressly admitted, Defendant denies generally and specifically, each, all and every allegation in said Paragraph.

28. Answering paragraph 27 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein. Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of the Defendant, or any other agents or employees of the United States Government.

29. Answering paragraph 28 of Plaintiff's Complaint, Defendant realleges and incorporates herein by reference each of the preceding paragraphs of this Answer as though fully set forth herein.

30. Answering paragraph 29 of Plaintiff's Complaint, Defendant admits the substantial truth of the allegations contained therein.

31. Answering paragraph 30 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein. Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of the Defendant, or any other agents or employees of the United States Government.

32. Paragraph 31 of Plaintiff's Complaint presents legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent the Paragraph requires an answer, Defendant admits Title VII of the Civil Rights Act of 1964 prohibits certain discrimination based on race and/or color in federal employment. Except as expressly admitted,

Defendant denies generally and specifically, each, all and every allegation in said Paragraph.

33. Answering paragraph 32 of Plaintiff's Complaint, Defendant denies, generally and specifically, each, all and every allegation contained therein. Defendant specifically denies any wrongful or discriminatory or retaliatory conduct on the part of the Defendant, or any other agents or employees of the United States Government.

34. The remaining allegations of the Complaint constitute Plaintiff's Prayer for Relief, to which no response is required. To the extent those Paragraphs require answers, Defendant denies the allegations contained in Plaintiff's Prayer for Relief.

35. Defendant hereby specifically denies all of the allegations of the Complaint not hereinbefore expressly admitted.

AFFIRMATIVE AND OTHER DEFENSES

1. The Court lacks jurisdiction over Plaintiff's claims.

2. Plaintiff has failed to state a claim upon which relief may be granted.

3. Plaintiff has failed to timely, fully and sufficiently exhaust his administrative remedies.

4. Plaintiff has failed to adequately mitigate his damages, if any, and any recovery or any other award to which he is entitled should be reduced accordingly.

5. Income taxes must be deducted from all alleged past and future lost earnings, if any.

6. To the extent the employment practices of which Plaintiff complains were undertaken by Defendant, they were undertaken for lawful, valid reasons unrelated to Plaintiff's sex, race, color, national origin, protected activities, handicapping condition, age or any other protected characteristic.

7. Defendant is entitled to an offset against damages, if any, for all monies paid to or for the benefit of Plaintiff by the United States as a result of Plaintiff's injuries, including the amount of any workers compensation benefits.

8. Plaintiff's compensatory damages are limited to three hundred thousand dollars ($300,000).

9. All future damages, if any, must be reduced to present value.

10. Plaintiff cannot demonstrate that the Defendant's stated reasons for Defendant's actions were a pretext for unlawful discrimination.

11. Plaintiff is not entitled to pretrial interest.

12. To the extent the employment practices of which Plaintiff complains were undertaken by Defendant, Defendant denies any unlawful or discriminatory motive and would have taken the same actions absent discrimination.

13. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act are Plaintiff's exclusive remedies for alleged discrimination in federal employment.

14. Defendant had effective discrimination and harassment prevention policies in place, and Plaintiff did not take reasonable care to prevent harm.

15. Plaintiff is not entitled to recover declaratory or injunctive relief, or prejudgment interest.

WHEREFORE, Defendant prays that Plaintiff take nothing by his Complaint and that Judgment be rendered in favor of Defendant and against Plaintiff, for all costs of suit incurred herein, and for all other relief that the Court deems proper.

DATED: February 6, 2008

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

s/ Timothy C. Stutler
TIMOTHY C. STUTLER
Assistant U.S. Attorney
Attorneys for Defendant

Of Counsel:

Katerina Chau, Assistant Agency Counsel
United States Navy

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE J. JONES,<br><br>Plaintiff,<br><br>v.<br><br>DONALD C. WINTER in his official capacity as SECRETARY OF THE NAVY,<br><br>Defendant. | Civil No. 07cv2295JAH(CAB)<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Timothy C. Stutler, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the following document(s) on the parties indicated below by electronically filing said document(s) with the Clerk of the District Court using its ECF System, which electronically notifies them:

DOCUMENT(S) SERVED:

DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES

PARTIES ON WHOM SERVED:

Paul D. Jackson, Esq., LAW OFFICES OF PAUL D. JACKSON, paul@jacksonlaw.biz

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 6, 2008.

s/ Timothy C. Stutler
TIMOTHY C. STUTLER