Paul D. Jackson, Cal. St. Bar No. 59542
LAW OFFICES OF PAUL D. JACKSON
10951 Sorrento Valley Road, Suite 1-G
San Diego, CA 92121-1613
Voice (858) 552-4900
Fax (858) 552-4904
E-mail: paul@jacksonlaw.biz

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE J. JONES,<br><br>Plaintiff,<br><br>v.<br><br>DONALD C. WINTER in his official capacity as SECRETARY OF THE NAVY,<br><br>Defendant. | Civil Case No.: 07cv2295 JAH (CAB)<br><br>**REPORT OF PARTIES' FED. R. CIV. P. 26(f) PLANNING MEETING AND PROPOSED JOINT DISCOVERY PLAN** |

1. Rule 26(f) meeting: Pursuant to this Court's Order, Paul D. Jackson, representing Plaintiff, and Timothy C. Stutler, Assistant U.S. Attorney representing Defendant Donald C. Winter, Secretary of the Department of the Navy ("Defendant" or "the Secretary"), conferred by e-mail on April 2-4, 2008, pursuant to Fed.R.Civ.P. 26(f) to discuss the nature and basis of their claims and defenses, the possibilities for a prompt settlement or resolution of this case, to arrange for the disclosures required under Rule 26(a)(1), and to develop a proposed discovery plan.

2. Pre-discovery disclosures under Rule 26(a)(1): The parties plan to serve their disclosures on or before April 21, 2008 via mail delivery, in accordance with the Magistrate Judge's Order dated March 12, 2008.

3. Discovery Plan: The parties agree the subjects on which discovery may be needed include: (a) whether Plaintiff was subjected to age, race, and/or national origin discrimination in violation of the Age Discrimination in Employment Act of 1990, as amended, 42 U.S.C. § 12101

et seq. and Title VII of the Civil Rights Act, as amended ("Title VII"), 42 U.S.C. § 2000e-2 et seq., respectively, or unjustly constructively discharged in violation of the Civil Service Reform Act (codified in scattered sections of 5 U.S.C.); (b) whether Plaintiff timely and/or fully exhausted his administrative remedies as required by law; (c) whether Plaintiff's Complaint is subject to any of the other affirmative defenses set forth in Defendant's Answer to the Complaint; (d) the nature and extent of Plaintiff's alleged damages, economic and/or noneconomic, if any; and, (e) the existence of any offsets to Plaintiff's alleged damages. The parties do not believe that discovery should be conducted in phases and believe that fact discovery can be completed within nine months.

4. Agreed Discovery: The parties agree that the limitations on discovery imposed under the Federal Rules of Civil Procedure and under the Local Rules for the Southern District of California are sufficient in this case, but each party reserves the right to later request modifications of such limitations if deemed necessary. The parties do not presently believe that any other limitations are needed. The parties agree any records covered by the Privacy Act will be kept confidential from third parties except for trial preparation purposes.

5. Expert testimony: The parties have preliminarily determined that expert testimony is not necessary, but reserve the right to designate expert(s) and provide retained expert report(s) in accordance with the Court's Case Management Order.

DATED: April 4, 2008

KAREN P. HEWITT
United States Attorney

s/ Timothy C. Stutler
TIMOTHY C. STUTLER
Assistant U.S. Attorney
Attorneys for the United States of America

LAW OFFICE OF PAUL D. JACKSON

DATED: April 4, 2008

s/ Paul D. Jackson
PAUL D. JACKSON, ESQ.
Attorneys for Plaintiff