UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE J. JONES,<br>Plaintiff,<br>v.<br>DONALD C. WINTER, in his official capacity as SECRETARY OF THE NAVY,<br>Defendant. | Civil No. 07cv2295 JAH (CAB)<br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL POTENTIAL WITNESS CONTACT INFORMATION** |

## I. INTRODUCTION

On May 20, 2008, Plaintiff moved to compel contact information for the 18 potential witnesses listed in Defendant's initial disclosures. Defendant's initial disclosures provided the names of the potential witnesses, who are all present and former federal employees, but withheld their personal contact information. On May 27, 2008, Defendant submitted its opposition. Defendant argues the Privacy Act requires a court order before such information may be disclosed. Defendant also contends the personal contact information for the current federal employees should be exempted from the required disclosures. The Court finds this matter suitable for submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## II. BACKGROUND

Plaintiff is a 70 year-old retired Mechanical Shops Supervisor with the U.S. Navy. Plaintiff retired on September 30, 2006. Plaintiff claims the Navy discriminated against him on the basis of his

age and race when he was reassigned to an aircraft storage yard and when he was constructively discharged.

On March 12, 2008, the parties were ordered to exchange their initial disclosures pursuant to Rule 26(a)(1)(A-D), Federal Rules of Civil Procedure, no later than April 21, 2008. Defendant's initial disclosures listed the names of 18 potential witnesses, but withheld their personal contact information. Instead, Defendant provided Plaintiff with the address of Defendant's counsel of record, and offered that the witnesses identified in his initial disclosures may be reached through such counsel.

Because the potential witnesses are present and former Navy employees, Defendant argues the personal contact information is covered by the Privacy Act and cannot be released absent a court order.[1] Accordingly, Defendant seeks a protective order which requires Defendant to provide the personal contact information for the former federal employees listed in his initial disclosure, and to make available for deposition and trial any current federal employees on the list, while withholding their personal contact information. Plaintiff does not oppose the entry of a protective order, but argues the personal contact information for all of the potential witnesses, regardless of whether they are former or current employees, should be produced pursuant to Rule 26(a)(1)(A).

**III. DISCUSSION**

Absent a court order to the contrary, Rule 26(a)(1)(A) requires, as part of the initial disclosure in every civil case, production of "the name and, if known, the address and telephone number of each individual likely to have discoverable information ..." The purpose of Rule 26(a) is to "accelerate the exchange of basic information" that is "needed in most cases to prepare for trial or make an informed decision about settlement." *Id.*, 1993 advisory committee notes. Early disclosure also allows the parties to focus and prioritize their organization of discovery.

Defendant argues the Court should limit the requirements of Rule 26(a) and allow Defendant to withhold personal contact information for current federal employees. Defendant contends Plaintiff has no legitimate claim to the contact information for current employees, and that current employees may

---

[1] The Privacy Act prohibits an agency from disclosing personal information without the prior written consent of the individual to whom the information pertains. 5 U.S.C. § 552a(b). However, the Privacy Act specifically exempts government employees from penalty for the release of materials pursuant to the order of a court of competent jurisdiction. 5 U.S.C. § 552a(b)(11).

instead be contacted through Defendant's counsel. However, a plaintiff does not bear the burden of showing a "legitimate claim" to information the opposing party is required to disclose pursuant to Rule 26(a). The potential witnesses at issue are all individuals listed by Defendant as likely to have discoverable information relevant to the case. While the Court appreciates Defendant's concerns regarding potential discovery abuses, such concerns are present in many civil cases and do not warrant limiting the scope of Rule 26(a). At this stage, it is sufficient for Plaintiff to provide notice to Defendant's counsel prior to contacting any potential witnesses who are current federal employees. Should an actual discovery abuse occur, Defendant may seek appropriate relief from the Court.

## IV. CONCLUSION

Accordingly, based on the above analysis, Plaintiff's motion is **GRANTED**. On or before **June 6, 2008**, the parties shall file a joint motion for a protective order regarding the disclosure of the personal contact information for all of the 18 potential witnesses listed in Defendant's initial disclosures. The proposed protective order shall include language requiring Plaintiff's counsel to notify Defendant's counsel at least **3 days** prior to contacting any potential witnesses who are current employees of the federal government.

**IT IS SO ORDERED**.

DATED: May 29, 2008

**CATHY ANN BENCIVENGO**
United States Magistrate Judge